# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Peter Bonavito,<br><br>  Plaintiff,<br><br>  v.<br><br>Nevada Property 1 LLC,<br><br>  Defendant. | Case No.: 2:13-cv-417-JAD-CWH<br><br>**Order Denying Nevada Property 1's Motion to Dismiss [Doc. 13]** |

On March 12, 2013, Plaintiff Peter Bonavito sued hotel operator Nevada Property 1, LLC, on a negligence theory for personal injuries he allegedly sustained when he slipped and fell on a ramp at his hotel. Doc. 1, p. 2. Bonavito alleges that Nevada Property knew that the ramp was dangerous and failed to take remedial action, thus its "acts and omissions constitute negligence, gross negligence, recklessness, and/or malice." *Id.* at 3. Bonavito prays for compensatory damages "in excess of $75,000," punitive damages, lost wages, reasonable attorney's fees, pre-judgment and post-judgment interest, and "all other relief that this Court deems justified." *Id.* at 3-4. Bonavito asserts federal-court jurisdiction based on diversity under 28 U.S.C. § 1332(a)(1). *Id.* at 1.[1]

On April 11, 2013, Bonavito moved for a Clerk's Entry of Default against Nevada Property, which was entered the next day. Docs. 9, 10. Bonavito then moved for a default judgment in the case, in which he claims total damages of $115,258.20, as follows: Medical

---

[1] Bonavito alleged that he is a citizen and resident of Arizona, and Nevada Property is a Nevada limited liability company. Doc. 1, p. 1. The parties' citizenship is not currently in dispute.

1

1  Damages ($19,513.20); Loss of Income ($20,000); Pain and Suffering ($9,000); Punitive
2  Damages ($60,000); Attorney Fees ($6,195); and Filing Fees ($550). Doc. 11, p. 1. Nevada
3  Property moved to set aside the Clerk's Entry of Default, which the Court granted. Nevada
4  Property also moves this Court to dismiss this action for lack of jurisdiction, arguing that
5  Bonavito's calculations of his damages set forth in his motion for default judgment
6  demonstrate that Bonavito cannot meet the $75,000 amount-in-controversy threshold
7  required to establish diversity jurisdiction.[2]

**Discussion**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can either be facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). When a challenge to subject matter jurisdiction has been raised, the opposing party must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id.* A party who asserts subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 has the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

---

[2] After Nevada Property filed its Motion, Bonavito properly served it with a copy of the Summons and Complaint. *See* Doc. 28. This service mooted two of the three theories under which Nevada Property based its Motion to Dismiss. The first mooted theory was that Bonavito's action should be dismissed under Rule 12(b)(5) for improper service of process. *Id.* at 3. The second mooted theory was that because service was not properly made on it, the Court lacked personal jurisdiction of Bonavito's claims, warranting dismissal under Rule 12(b)(2). *See id.* at 5-6. As the court is considering these arguments moot, any other potential flaws in these two theories need not be explored.

## A. Judicial Admission of Damage Amounts in Motion for Default Judgment

To establish that the amount in controversy is lower than the jurisdictional amount, Nevada Property first seeks to fix the $115,258.20 in damages that Bonavito claims in his Motion for Default Judgment as binding upon him as a judicial admission. Doc. 13, p. 4. Nevada Property contends in its Reply that if Bonavito "believes the fact allegations regarding damages are sufficient to grant a judgment, then the same facts should be sufficient to demonstrate that the jurisdictional threshold is not met." Doc. 23, pp. 2-3.

"Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "[S]tatements of fact contained in a brief *may* be considered admissions of the party in the discretion of the district court." *Id.* at 227 (emphasis in original). Where a party "tried to benefit" from a statement in a brief, that statement can be properly considered as a judicial admission. *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (finding that party's prior statement regarding privity was a judicial admission). By contrast, where "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995).

Bonavito submitted his $115,258.20 damages figure in the brief supporting his motion for default judgment, unquestionably attempting to "benefit" from the amount requested by fixing an amount of recovery. Moreover, in responding to Nevada Property's Motion to Dismiss, Bonavito never argued that the amount he had originally requested was erroneous or should be recalculated. *See* Doc. 21. The Court exercises its discretion and finds that Bonavito's claimed damages in his Motion for a Default Judgment may be considered by the court in calculating his amount in controversy for jurisdiction purposes.

## B. Specific Amounts Applicable to Jurisdictional Threshold

Nevada Property next contends that of the $115,258.20 in Bonavito's claimed damages, $66,745 from punitive damages, attorney's fees, and filing fees must be excluded

3

from calculation, leaving a balance of only $48,513.20—which falls short of 28 U.S.C. § 1332(a)'s $75,000 amount-in-controversy threshold. Doc. 13, pp. 3-4. The salient inquiry is whether these types of damages are available under Nevada law in this case.

### *1.     Attorney's Fees*

Nevada Property claims Bonavito may not use attorney's fees to help reach the jurisdictional threshold, as attorney's fees are not generally awarded to the prevailing party absent a statute or contract, and are rarely awarded as damages due to the difficulties parties have in demonstrating that such fees were indeed a "reasonable foreseeable consequence of the breach or conduct." *Id.* at 4-5. Bonavito's Response claims that it is "well-established" that attorney's fees may be used to reach the jurisdictional threshold. Doc. 21, p. 3.

Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages under state law. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in the computation [of] the jurisdictional amount."). Nevada follows the American Rule for an award of attorneys fees, thus they are not recoverable in Nevada unless authorized by agreement, statute, or rule. *See Young v. Nevada Title Co.*, 744 P.2d 902, 905-06 (Nev. 1987). "[T]he mere fact that a party was forced to file or defend a lawsuit is insufficient to support an award of attorney fees as damages." *Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964, 970 (Nev. 2001), *receded from on other grounds*, 170 P.3d 982 (Nev. 2007).

Bonavito points to no agreement, statute, or rule entitling him to compound his attorney fees as an element of damages, and the Court has found none. The bare fact that Bonavito filed suit claiming damages does not permit him to add his attorney's fees into his damages calculation to establish the jurisdictional amount. The Court finds that the $6,195 amount cannot be included in the amount of damages used to calculate the amount in controversy for purposes of federal jurisdiction.

4

### *2. Filing Fees*

Nevada Property also claims that $550 in filing fees are not properly included in the jurisdictional calculation. Doc. 13, p. 5. Bonavito does not contest this argument in its opposition, and the plain language of 28 U.S.C. § 1332 forecloses inclusion of such amounts in calculating the jurisdictional threshold. *See id.* (jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . . ."). The $550 in filing fees cannot be counted toward the amount in controversy.

### *3. Punitive Damages*

But the same is not true for punitive damages. A district court may consider punitive damages in determining the amount in controversy when such damages are available as a matter of state law. *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). In Nevada, "to justify punitive damages, the defendant's conduct must have exceeded mere recklessness or gross negligence." *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 254-55 (Nev. 2008) (citing NEV. REV. STAT. § 42.001(1)). "A plaintiff may recover punitive damages when evidence demonstrates that the defendant has acted with 'malice, express or implied.'" *Wyeth v. Rowatt*, 244 F.3d 765, 783 (Nev. 2010) (quoting NEV. REV. STAT. § 42.005(1)).

Bonavito's Complaint includes the allegation that Nevada Property's actions constituted "gross negligence, recklessness, and/or *malice*." Doc. 1, p. 3 (emphasis added). Having alleged "malice," Bonavito has established theoretical entitlement to punitive damages at least sufficient to survive the instant 12(b)(1) challenge, and it cannot be said that it is apparent to a legal certainty that Bonavito could not recover an amount in excess of the jurisdictional amount if he can prove that Nevada Property acted with malice, as alleged. *See, e.g.*, *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477-78 (Nev. 1995) (noting that plaintiff could seek punitive damages on tort claims because plaintiff "raised allegations of fraud and

/ / /
/ / /
/ / /

5

malice"). Thus the $60,000 in purported punitive damages may be counted towards the $75,000 jurisdictional threshold.[3]

In sum, and in light of the limited scope of Nevada Property's instant motion, the Court finds that the following damages may be considered in calculating the jurisdictional threshold: Medical Damages ($19,513.20); Loss of Income ($20,000); Pain and Suffering ($9,000); and Punitive Damages ($60,000). These amounts total $108,513.20, which is sufficient for Bonavito to satisfy the jurisdictional threshold for the limited purpose of defeating the instant motion.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **ORDERED** that Nevada Property's Motion to Dismiss [Doc. 13] is **DENIED**.

DATED: October 21, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[3] Whether Bonavito's conclusory pleading could survive a Motion to Dismiss for failure to state a claim under Rule 12(b)(6) is an open question; however, whether any of Nevada Property's employees acted with malice, or whether Nevada Property ratified that conduct, are issues whose threshold plausibility are not presently before the Court.