**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Peter Bonavito, | ) |
| Plaintiff, | ) Case No.: 2:13-cv-417-JAD-CWH |
| v. | ) |
| Nevada Property 1 LLC, | ) **Order Granting Nevada Property 1's Counter Motion to Set Aside Default [Doc. 16] and Denying as Moot Peter Bonavito's Motion for Default Judgment [Doc. 11] and Motion to Strike Response to Default Judgment [Doc. 22]** |
| Defendant. | |

Pending before the Court is Defendant Nevada Property 1 LLC's Counter Motion to Set Aside Default [Doc. 16], which seeks, *inter alia*, to set aside the Clerk's Entry of Default that Plaintiff Peter Bonavito has secured against Nevada Property. Doc. 11. Bonavito has filed a Response, Doc. 15, and Nevada Property has filed a Reply. Doc. 19.

Also pending before the Court are two motions whose relevance hinges on the outcome of the Motion to Set Aside Default: Bonavito's Motion for Default Judgment [Doc. 11], and Bonavito's Motion to Strike Response to Default Judgment [Doc. 22]. Because the Court grants Nevada Property's request to set aside the Clerk's Entry of Default, these other motions are both denied as moot.

# I.

# Background

On March 12, 2013, Bonavito brought suit under a negligence theory for personal injuries he alleges to have sustained while a guest at Nevada Property's hotel. Doc. 1, p. 2. On the same day, the Clerk's office issued a Summons to Nevada Property. Doc. 3. On April 10, 2013, Bonavito filed a Certified Mail receipt indicating that he effected service on Nevada Property. Doc. 8. On April 11, 2013, Bonavito moved for a Clerk's Entry of Default against Nevada Property, which was entered the next day. Docs. 9, 10. On May 16, 2013, Nevada Property brought the instant motion. After the Motion was brought, Bonavito filed a Summons that reflects that it was personally served on Nevada Property on July 9, 2013. Doc. 28.

# II.

# Discussion

**A.   Motion to Set Aside Clerk's Entry of Default**

In support of its Motion, Nevada Property contends that the Clerk's Entry of Default is unsupported by proper service of the Summons and Complaint. Nevada Property contends that service was improper because it was made my mail. The Court agrees.

"[S]ervice of process is the means by which a court asserts jurisdiction over the person." *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). Where personal service is required, failure to perfect it is fatal to a claim. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). Rule 4(h) provides that:

> Unless federal law provides otherwise or the defendant's waiver[1] has been filed, a domestic . . . corporation . . . must be served:
> (1) in a judicial district of the United States:
>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>    (B) by delivering a copy of the summons and of the complaint

---

[1] Rule 4(d) provides, *inter alia*, that corporations subject to service under Rule 4(e) or (h) have "a duty to avoid unnecessary expenses of serving the summons." *Id.* at 4(d)(1). Thus, Plaintiffs may request a waiver of service of process under the Rules, and sanctions may be imposed where Defendants fail to return the same. *See* Rule 4(d)(2). However, there is no evidence here that Bonavito has requested a waiver of service, and thus the Rule is inapposite.

2

> to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. Proc. 4(h)(1). Rule 4(e) provides that service may be made in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . .
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     . . . .
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* Courts in Nevada have found that attempts to serve corporate defendants by certified mail are deficient under Rule 4(h). *Viloria v. Premium Capital Funding LLC*, 2012 WL 4361252, at *2 (D. Nev. Sept. 20, 2012).

Nevada state law also allows service on corporations by personal delivery, but does not provide for service by mail. Nev. R. Civ. Proc. 4(a), (d)(1); *see* NRS § 14.020. Indeed, in Nevada a plaintiff who cannot effect personal service upon a Defendant must first file an Affidavit with the Nevada Secretary of State explaining why service cannot be made, and only thereafter must mail a copy of the Summons and Complaint to both the Nevada Secretary of State, as well the last known address of any "known officer, general partner, member, manager, trustee or director." Nev. R. Civ. Proc. 4(d)(1).

No evidence of any of these predicate steps appears in the record, and Nevada courts interpreting other provisions of the Nevada service laws have remained skeptical of a party's failure to comply with the plain language of the Rules. *See, e.g.*, *Mayweather v. Wine Bistro, LLC*, 2013 WL 5537312, at *4-*5 (D. Nev. Oct. 4, 2013) (finding that attorney's unsworn declaration failed to comply with the "affidavit" requirement for obtaining service by publication under Ned. R. Civ. Proc. 4(e)(1)); *Mason v. Republic Services, Inc.*, 2011 WL 283310, at *2 (D. Nev. Jan. 25, 2011) (finding service inappropriate on corporate defendant's employee who was not an "officer, a managing or general agent, or any other agent authorized" to receive process, and no showing had been made that employee had "special

authority" such that service was appropriate); *Corrales v. Castillo*, 2008 WL 1840774, at *2 (D. Nev. Apr. 22, 2008) (finding that service of writ of garnishment was deficient where plaintiff failed, *inter alia*, to provide declaration stating when five dollar fee was paid to party subject to service).

As Plaintiff failed to effect proper service upon Nevada Property prior to seeking entry of default, the Court finds that good cause exists for the default to be set aside.

**B.     Derivative Motions**

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, a party must obtain a clerk's entry of default under Rule 55(a); thereafter, that party must seek entry of default under Rule 55(b). *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Having now set aside the Clerk's Entry of Default against Nevada Properties, Bonavito's Motion for Default Judgment [Doc. 11] and his Motion to Strike Response to Default Judgment [Doc. 22] are denied as moot.

## III.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **ORDERED** that Nevada Property's Counter Motion to Set Aside Default [Doc. 16] is **GRANTED**, and the Clerk's Entry of Default [Doc. 10] is set aside;

It is **FURTHER ORDERED** that Bonavito's Motion for Default Judgment [Doc. 11] and Motion to Strike Response to Default Judgment [Doc. 22] are **DENIED** as moot.

DATED: October 21, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE