1
2
3
4                          **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6

7    PETER BONAVITO,                          )
                                              )
8                       Plaintiff,            )        Case No.  2:13-cv-00417-JAD-CWH
                                              )
9    vs.                                      )        **ORDER**
                                              )
10   NEVADA PROPERTY 1, LLC,                  )
                                              )
11                      Defendant.            )
     _____)

12
           This matter is before the Court on Plaintiff's Motion for Reconsideration (#38), filed on
13
     December 10, 2013.  Plaintiff requests that the Court reconsider its Order #37, which denied
14
     without prejudice the parties stipulation on a claw-back procedure.
15
           The Court will deny Plaintiff's Motion for Reconsideration of Order #37 (#38).  While the
16
     Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to
17
     reconsider, the court has the inherent power to revise, correct, and alter interlocutory orders at any
18
     time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th
19
     Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This
20
     authority is governed by the doctrine that a court will generally not reexamine an issue previously
21
     decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/*
22
     *Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114
23
     (9th Cir. 1998).  However, a court has discretion to depart from the prior order when (1) the first
24
     decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on
25
     remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice
26
     would otherwise result. *Cuddy*, 147 F.3d at 1114.
27
           On the other hand, a motion for reconsideration is properly denied when the movant fails to
28
     establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

1    A motion for reconsideration should not merely present arguments previously raised; that is, a

2    motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments

3    previously presented.  *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,*

4    194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely

5    because he or she is unhappy with the judgment.").

6          Here, the Court finds that Plaintiff has failed to demonstrate that reconsideration is proper.

7    Plaintiff fails to cite the standard for reconsideration or any points and authority in support of

8    reconsideration as required by Local Rule 7-2.  Additionally, the Court finds that the rationale for

9    denying without prejudice the proposed claw-back procedure is supported by good cause.  First, the

10   parties stipulation proposed an expedited court briefing schedule in the event of a privilege

11   challenge.  This is inconsistent with Local Rule 7-2, which sets out the standard briefing schedule.

12   Additionally, the Court has discretion to set the briefing schedule.  If the parties found that an

13   expedited schedule is necessary, then they could follow Local Rule 7-5 to request that the motion

14   be heard on an emergency basis.  Second, the parties stipulation is ambiguous as to whether it is

15   adopting Federal Rule of Civil Procedure 502(d) or 502(a)-(b).  As the Court stated in Order #37,

16   the stipulation appears to be inconsistent in that it indicates that inadvertent disclosure shall never

17   operate as a waiver of privilege and only the privilege may be challenged in Court.  This would be

18   an agreement by the parties under Rule 502(d) that would supplant the procedure in 502(b).  If the

19   parties agree that inadvertent disclosure is never a waiver of privilege and only the privilege issue is

20   challengeable in court, then they would be deviating from Rule 502(a)-(b).  Accordingly, the parties

21   should submit stipulation with the proposal that they would like to follow and specify which parts

22   of the Federal Rules of Civil Procedure they are adopting.

23          Based on the foregoing and good cause appearing therefore,

24          **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#38) is **denied**.

25          DATED this 11th day of December, 2013.

26

27          _____
            **C.W. Hoffman, Jr.**
            **United States Magistrate Judge**

28