UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter Bonavito,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Nevada Property 1 LLC,<br><br>　　　　Defendant. | Case No.: 2:13-cv-417-JAD-CWH<br><br>**Order Denying Plaintiff Peter Bonavito's Motion for Sanctions Against Defendant Nevada Property 1 LLC [Doc. 24]** |

On March 12, 2013, Peter Bonavito sued Nevada Property 1 LLC under a negligence theory, for personal injuries he alleges to have sustained while a guest at Nevada Property's hotel. Doc. 1, p. 2. On April 11, 2013, Bonavito moved for a Clerk's Entry of Default against Nevada Property, which was entered the next day. Docs. 9, 10. Bonavito then moved for entry of a default judgment, to which Nevada Property responded to on May 16, 2013. Doc. 12. Therein, Nevada Property sought to set aside the clerk's entry of default, claiming, *inter alia*, that Bonavito knew that Nevada Property was prepared to defend its interests in the matter because of "extensive communications" with its insurance carrier. Doc. 12 at 5. In support of this position, Nevada Property contended that "[a]dditionally, Nevada Property 1's counsel drafted a letter to Plaintiff's counsel regarding representation. Therefore, at a minimum, Bonavito should have provided some notice to Nevada Property 1 before seeking a default and a default judgment." *Id.*

1

On May 28, 2013, Bonavito's counsel mailed Nevada Property's counsel a letter stating that he would move for sanctions against Nevada Property "[i]f you do not promptly withdraw or strike the misleading portions of your filing." Doc. 24-1 at 1. Bonavito's proposed Motion for Sanctions took umbrage with three specific statements in Nevada Property's response to Bonvito's Motion for Default Judgment. *See* Doc. 27 at 15-17. On June 18, 2013 Bonavito filed his sanctions motion. Doc. 24.[1] The Court ultimately set aside the Clerk's Entry of Default and denied Bonavito's Motion for a Default Judgment on October 21, 2013, because no evidence showed that Bonavito properly served Nevada Property pursuant to Federal Rule of Civil Procedure 4. *See* Doc. 31.

Federal Rule of Civil Procedure 11(a) provides that for represented parties, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." *Id.* Rule 11(b) further states that "by presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies to that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." *Id.* "If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. Proc. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* at 11(c)(4). This may include both monetary and non-monetary forms of relief. *See id.*

The purpose of Rule 11 is to promote judicial economy by deterring baseless filings in the district court. *Islamic Shura Council of Southern California v. F.B.I.*, 725 F.3d 1012, 1014 (9th Cir. 2013). For this reason, "[m]otions for Rule 11 attorney's fees cannot be granted after

---

[1] The day after Bonavito mailed his letter, Nevada Property contacted Bonavito and characterized Bonavito's alleged misrepresentations as "minor." *Id.* at 19. On the same day Nevada Property filed an Errata to its opposition, in which it clarified one of Bonavito's three claimed "misrepresentations." *See* Doc. 18 at 1. Bonavito's sanctions motion regurgitates all of his prior allegations and fails to inform the Court that Nevada Property's Errata had been filed, much less address the substance of the filing. *See* Doc. 24.

2

the district court has decided the merits of the underlying dispute giving rise to the questionable filing." *Id.*

Although the Court's Order disposing of Nevada Property's challenged filing was issued more than three months ago, Bonavito has not sought to withdraw his motion for sanctions. In light of the Court's Order, however, an award of attorney's fees is unwarranted, and the court sees no conduct worthy of sanctions as the record in this case does not reflect the need for sanctions to deter frivolous filings and promote judicial economy.[2]

Accordingly, based upon the foregoing reasons and as no good cause for sanctions,

It is **HEREBY ORDERED** that Plaintiff Peter Bonavito's Motion for Sanctions Against Defendant Nevada Property 1 LLC [Doc. 24] is **DENIED**.

DATED: January 28, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[2] Thus, the Court declines to reach the issue of whether Bonavito even complied with Rule 11(c)'s "safe harbor" provision, nor whether the underlying statements of which he complains have any merit.