# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Peter Bonavito,

    Plaintiff,

v.

Nevada Property 1 LLC,

    Defendant.

Case No.: 2:13-cv-417-JAD-CWH

**Order**

Cosmopolitan hotel guest Peter Bonavito alleges he broke his ankle in a slip and fall at the hotel pool. He sued the property owner for negligence and seeks punitive damages on the bald allegation that the hotel's failure to exercise due care in maintaining its premises constitutes "malice." Doc. 1 at ¶ 14-16. The hotel moves to dismiss the punitive-damages allegations, arguing that the complaint lacks any facts to justify punitive damages in this negligence case. Because the bare allegation that the hotel's failure to exercise due care constitutes malice falls short of the *Iqbal* and *Twombly* pleading standards, the Court grants the motion to dismiss but gives Bonavito leave to file an amended complaint if he can truthfully allege facts to raise his malice allegation beyond mere speculation.

**Discussion**

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[1] While Rule 8 does

---

[1] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

1

not require detailed factual allegations, the United States Supreme Court clarified in *Ashcroft v. Iqbal*[2] that it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." "Factual allegations must be enough to rise above the speculative level."[3] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[4] Mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient; actual facts detailing the defendant's conduct and allowing the reader to draw the reasonable inference that the defendant is liable for the alleged misconduct must be pled.[5]

Punitive damages are a remedy, not a claim, but a plaintiff must still plead the facts to support an award of punitive damages to maintain a prayer for them in his complaint and to pursue them at trial. In Nevada, punitive damages are available only for torts involving oppression, fraud, or malice.[6] And Nevada law defines malice as conduct "intended to injure a person or despicable conduct [that] is engaged in with a conscious disregard of the rights or safety of others."[7] Although malice need only be alleged generally and not with the level of specificity required for fraud or mistake,[8] facts supporting the inference of malice must still be pled to survive a Rule 12(b)(6) dismissal.

Mr. Bonavito's complaint lacks these requisite facts. He has done nothing more than include the word "malice," with no hint at how the hotel's alleged breach of the duty of care in maintaining the safety of the pool area was done with the intention to injure him or rises to the level of despicable

---

[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[3] *Twombly*, 550 U.S. at 555.

[4] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

[5] *Id*.

[6] Nev. Rev. Stat. § 42.005.

[7] Nev. Rev. Stat. § 42.001(3).

[8] Fed. R. Civ. Proc. 9(b).

conduct engaged in with a conscious disregard of his rights and safety. Accordingly, Mr. Bonavito's punitive damages allegation and prayer are hereby stricken.

But the inadequacy of Bonavito's punitive-damages allegation is not the end of this discussion. Rule 15(a) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." The Ninth Circuit has construed this rule broadly, requiring that leave to amend be granted with "extreme liberality."[9] This broad discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."[10] A district court should freely grant leave to amend unless it is apparent that amendment is motivated by bad faith of the movant, would be futile, or would result in undue prejudice to the opposing party or undue delay, or when the plaintiff has already had an opportunity to amend with the court's instructions but still fails to state a viable claim.[11]

Although Bonavito has not requested it, the Court finds that leave to amend is appropriate here as it is not yet apparent whether leave would be futile or Bonavito may be in possession of actual facts to support the recovery of punitive damages in this case and simply failed to allege them. Accordingly, the Court grants Bonavito leave to file an amended complaint if he can truthfully allege facts to raise his malice allegation beyond mere speculation. If Bonavito chooses to file an amended complaint to cure this pleading defect, he must do so within the 15 days following this order and is reminded of Local Rule 15-1(a), which states that an amended complaint must be "complete in itself without reference to the superseding pleading."

---

[9] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)).

[10] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)).

[11] *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

**Order**

IT IS THEREFORE ORDERED that Defendant Nevada Property 1, LLC's Motion to Dismiss Plaintiff's Punitive Damages Claims is GRANTED, and the punitive damages allegations are hereby stricken;

IT IS FURTHER ORDERED that Plaintiff shall have 15 days in which to file any amended complaint to cure the pleading defects identified in this order.

April 2, 2014

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE