# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER BONAVITO,

        Plaintiff,

vs.

NEVADA PROPERTY 1 LLC,

        Defendant.

Case No. 2:13-cv-00417-JAD-CWH

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (#50), filed August 27, 2014, and Defendant's Response (#53), filed September 12, 2014. It is also before the Court on Plaintiff's Motion for Leave to File a Reply (#54), filed September 26, 2014.

## BACKGROUND

The complaint in this matter was filed on March 12, 2013. (#1). Shortly after the complaint was filed, on April 11, 2013, Plaintiff moved for default judgment against Defendant Nevada Property 1, LLC ("Nevada Property"). (#9). Default was entered by the Clerk of Court. (#10). Following the Clerk's entry of default, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (#11). In addition to filing a response to the motion for default, Defendant Nevada Property filed a motion to dismiss and a motion to set aside the Clerk's entry of default. *See* Motions (#13) and (#16). The Court denied Defendant Nevada Property's motion to dismiss, but granted the motion to set aside default. *See* Orders (#30) and (#31). Defendant filed its answer shortly thereafter, on November 4, 2013. (#33).

After Defendant filed and served its answer, the parties submitted their proposed discovery plan and scheduling order, which was denied for failure to comply with multiple Local Rules. (#35). Instead, the Court entered a standard discovery plan and scheduling order measuring the deadlines from the date the answer was filed. *Id*. On February 12, 2014, approximately three

months prior to the discovery cutoff date, the parties submitted a stipulation to extend discovery. (#44). The stipulation was granted, except that several necessary deadlines that were omitted from the stipulation were included in the order and multiple proposed dates that fell on weekends were changed to the next business day. (#45). As a result, the discovery cutoff date was extended to July 7, 2014, and the dispositive motions deadline to August 4, 2014. *Id*. The discovery cutoff date passed and no discovery motions were filed. Defendant filed its motion for summary judgment (#48) on August 4, 2014, the deadline to file dispositive motions.

On August 27, 2014, approximately three weeks after the dispositive motions deadline, Plaintiff filed the motion to compel (#50) currently under consideration. The motion is straightforward. Plaintiff seeks responses to specified discovery requests made in both the first and second sets of interrogatories and requests for production. Plaintiff's first set of interrogatories and requests for production were served on March 6, 2014. The second set of discovery requests were served on June 11, 2014. By way of this motion, Plaintiff seeks an order compelling further responses to the following discovery requests: (1) requests for production numbers 11, 19, 20, and 22 in the first set of requests for production; (2) interrogatories 12 and 17 of the first set of interrogatories; and (3) responses to requests for production 1, 2, 3 of the second set of requests for production.[1] Defendant opposes the motion on the ground that the specified requests are irrelevant, unduly burdensome, and overbroad. It also appears that the opposition is based on the argument that the second set of requests for production were untimely and, therefore, no responses are required.

On September 26, 2014, approximately four days after the reply deadline, Plaintiff filed a motion for leave to file an untimely reply. (#54). Plaintiff acknowledges the reply was untimely, but asserts that it was the result of a calendar error and is excusable neglect. The Court agrees and will grant the motion to leave and consider the reply, which is also straightforward. Generally, Plaintiff restates many of the arguments previously asserted, but also addresses Defendant's

---

[1] Attached to Plaintiff's motion are several exhibits, including the original requests and responses to the first set of interrogatories and requests for production. *See* Exhibits 11 and 12. Also attached is the second set of requests for production, to which Plaintiff did not respond. *See* Exhibit 3.

2

argument regarding the timeliness of the second set of requests for production. Plaintiff argues that the response is misleading in that the second set of Rule 34 requests were propounded as a result of a conversation between counsel and sent the same day. Stating that the parties have "gotten along" during the discovery process, Plaintiff indicates that there was never a concern raised at the timeliness of the requests and requests that responses be compelled.

## **DISCUSSION**

The motion is made pursuant to Federal Rule of Civil Procedure 37(a), which permits a party to move for an order compelling disclosure or discovery. Before filing, the moving party must certify that it made a good faith effort to confer or attempt to confer in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1). Local Rule 26-7(b) further provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Both the meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.[2]

In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement – the certification requirement and

---

[2] As stated in *Nevada Power v. Monsanto*, "[t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter." 151 F.R.D. at 120.

3

the performance requirement. It is essential that the moving party move beyond cursory statements and "adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171. Good faith requires more than "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id*. Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b). Absent compelling circumstances not present here, the mere exchange of written correspondence has long been seen as insufficient to satisfy the "personal consultation" requirement. *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989). *Shuffle Master* made clear that the mere exchange of letters is also insufficient to demonstrate a good faith effort to meet and confer under Rule 37. *Shuffle Master*, 170 F.R.D. at 172. Simply put, the exchange of letters is an "inadequate means" through which counsel may attempt to confer. To be sure, the exchange of letters may serve to narrow or inform the issues prior to personal consultation, but both Rule 37(a)(1) and LR 26-7(b) require more.

Here, it is not clear Plaintiff complied with the consultation requirements prior to filing the motion. Plaintiff identified and complied with the requirement to certify that the good faith effort to meet and confer. But the information necessary to allow the Court to adequately assess and pass a preliminary judgment on the sincerity of the good faith conferment is lacking. Attached as Exhibits 4-10 are a series emails between counsel. Within those emails, it appears there may have been actual telephonic or personal consultation, but it is not clear. Ultimately, the burden falls on the moving party to demonstrate that the consultation requirements have been met prior to filing the discovery motion. That requirement has not been met in this instance.

More problematic is the timing of this particular motion. Federal Rule of Civil Procedure 16 requires the Court, in all cases not otherwise exempted, to issue a scheduling order limiting time to complete discovery and file motions. *See* Fed. R. Civ. P. 16(b)(3). Rule 16 is taken seriously. *See e.g. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Ninth Circuit has stated:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the

> deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. Of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). The burden is upon the individual parties to prosecute their case properly. A party is not permitted to shift the blame onto others in order to mask its own failures. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Affirming the importance of a scheduling order, several courts within the Ninth Circuit have denied discovery motions filed after the close of discovery. *Kizzee v. Walmart, Inc.*, 2011 WL 3566881 (D. Ariz.) (denying motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, 2010 WL 4602935 (D. Ariz.) (motion to compel filed over a month after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, 2010 WL 2695662 (D. Nev.) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely); *Argarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev.) (denying discovery motion filed after the close of discovery, after the dispositive motions deadline, and after the summary judgment was fully briefed).

Neither the Federal Rules, Local Rules, nor Scheduling Order establishes a specific deadline for filing discovery motions in this case. It has, however, long been the policy in this District that, absent unusual circumstances, discovery motions should be filed before the scheduled date for filing dispositive motions. *See e.g. Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D. Nev.); *Argarwal*, 2013 WL 211093 (D. Nev.); *Thurston v. City of North Las Vegas*, 2011 WL 3841110 (D. Nev.); *Hall v. Schumaker*, 2011 WL 4458845 (D. Nev.). As stated in *Gault*, "[t]he requesting party cannot delay a motion to compel with impunity." 184 F.R.D. at 622 (citation omitted). In analyzing the timeliness issue, the court in *Rogers v. Brauer Law Offices, PLC* provided a useful, non-exhaustive list of factors that courts have considered in determining the timeliness of a motion to compel: (1) the length of time since expiration of the deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discover deadline has been previously extended, (4) the explanation for the tardiness or delay, (5) the age of the case, (6) any prejudice to the party from

whom the discovery is sought, and (7) disruption of the court's schedule. *See* 2011 WL 3665346 (D. Ariz.) (citing *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006)).

Neither party expressly briefed the timing of the motion to compel itself, but the Court need not rely on the parties to enforce its own orders. It is clear that the unusual circumstances necessary to justify the filing of a motion to compel after the close of discovery, after expiration of the dispositive motions deadline, and after briefing on a timely summary judgment motion are not present here.[3] The first set of Rule 33 and Rule 34 requests were served on March 6, 2014, approximately four months prior to the discovery cutoff date. Plaintiff was aware of the alleged deficiencies in the responses to the first set of discovery requests for approximately 3 months prior to the discovery cutoff date and dispositive motions deadline, but did not file a motion to compel before the discovery cutoff or dispositive motions deadline.

Nor can it be said that the motion to compel responses to the second set of requests for

---

[3] The undersigned notes that Defendant filed its motion for summary judgment (#48) on August 4, 2014. Plaintiff's response (#49) was filed on August 24, 2014, three days before Plaintiff filed this motion to compel. The response does not include a request for relief under Fed. R. Civ. P. 56(d).

Even were the Court inclined to treat this as a Rule 56(d) request, which it is not, the undersigned would recommend denial of Rule 56(d) relief. Generally, Rule 56(d) has been read as "requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discovery information that is essential to its opposition.'" *Metabolife Inter., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citation omitted). Even so, the Court retains discretion to determine whether to grant a Rule 56(d) motion. *E.g. Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). Rule 56(d) requests are granted fairly freely when a party has not had any realistic opportunity to pursue discovery relating to the party's theory of the case. *Burlington N. Santa Fe. R.R. Co. v. The Assiniboine & Sioux Tribers of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Not only does the party requesting Rule 56(d) relief bear the burden to proffer sufficient facts to show that the sought after evidence exists and would prevent summary judgment, it must also show that it was diligent in pursuing its previous discovery opportunities. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (it is an abuse of discretion to deny relief "if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment") (emphasis in original); *see also Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (failure to conduct discovery diligently is grounds for denial of a Rule 56(d) motion); *see also Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("[T]he movant cannot complain if it fails to pursue discovery diligently before summary judgment."). As the Ninth Circuit noted in *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, it is not diligent to move to compel discovery "only *after* the deadlines for discovery or submission of dispositive motions [has] passed . . . ." 460 F.3d at 1179.

6

production is timely.  The parties do not dispute that the requests were not served in a timely manner, as responses would have been due after the close of discovery.  If this were the only timing issue, the Court would have little difficulty excusing the error.  As stated in *Bishop v. Potter*, 2010 WL 2775332 (D. Nev.), "[w]hile discovery requests should generally be served at least 33 days prior to the close of discovery, this requirement is not absolute.  The Court can excuse the failure . . . if it is not excessive."  The failure to account for 33 days to respond here was not excessive and the Court would likely have been inclined to excuse the failure.  However, Plaintiff still did not file the motion to compel within the remaining three weeks before the dispositive motions deadline.  Nor did Plaintiff file the motion before the response to the pending motion for summary judgment.  Nor did Plaintiff make any sort of request for relief under Rule 56(d).

Given the foregoing, the Court finds that the motion to compel is untimely.  Plaintiff knew about the discovery in question for a significant time before expiration of the dispositive deadline.  Plaintiff waited until after the close of discovery, after the dispositive motions deadline, and after filing a response brief to the motion for summary judgment to file this motion.  Plaintiff provides no explanation for the tardiness and delay in bringing the motion.  Consequently, the motion will be denied.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#50) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Reply (#54) is **granted**.

DATED: October 21, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

7